No. 73,381

In the Matter of TERRY C. PILGREEN, *Respondent.*

(896 P.2d 389)

Opinion filed June 2, 1995.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Terry C. Pilgreen,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Terry C. Pilgreen, an attorney admitted to the practice of law in Kansas. The complaint filed in case No. B5823 was heard before a panel of the Kansas Board for Discipline of Attorneys. The essential facts, as determined by the panel, and the panel's recommended discipline are not in dispute. Pilgreen has stipulated to the violations as alleged in the formal complaint and to the violations of the Model Rules of Professional Conduct as set forth in the complaint. Pilgreen and his counsel admitted and acknowledged the same before the panel.

## Case No. B5823

The formal complaint charged:

"2. In July or August of 1991, the complainant, Larry M. Pollock, retained the respondent, Terry C. Pilgreen, to represent the complainant in an oil and gas problem. The complainant owned land in Pratt County, Kansas. He believed that the oil and gas leaseholder on the property was diverting gas from the lease without metering the amount diverted. The complainant requested that the respondent investigate this matter and take whatever action was necessary to cancel the lease if the allegations were true.

"3. In May of 1992, the respondent told the complainant that a case had been filed and that he had applied for a court date to have the matter heard. In October of 1992, the complainant came to Kansas to check on the matter and was told by the respondent that a court date was set for March of 1993. While in Kansas the complainant checked in Pratt County to see if the case was on the docket. No case was on the docket. The complainant called the respondent and was told that

the action had been filed in Sedgwick County, Kansas. None of these statements made by the respondent to the complainant were true. At the time the statements were made, no action had been filed on behalf of the complainant by the respondent.

"4. In March of 1993, the complainant called the respondent to ask when he needed to be in Wichita for the court proceedings. The complainant was informed by the respondent that the respondent had filed a Motion for Summary Judgment and that there would be no court appearance until the judge had ruled on the summary judgment motion. These statements made by the respondent to the complainant were also false. No action was filed on behalf of the complainant by the respondent.

"5. In September of 1993, the complainant retained a lawyer in the state of Washington to represent him in a matter involving the complainant's parents. That lawyer contacted the respondent on three (3) separate occasions on behalf of the complainant requesting information to aid him in handling this matter. The respondent did not reply to these requests for information. In September of 1993, the complainant contacted the respondent requesting an update on the legal matter in Kansas. The respondent never replied to this request for information from the complainant. In November of 1993, the complainant filed this complaint with the Disciplinary Administrator's Office. On February 16, 1994, an action was filed on behalf of the complainant by an attorney in the firm of Woodard, Blaylock, Hernandez, Pilgreen & Roth. The respondent was a member of that firm at the time of the events alleged in this Formal Complaint.

"6. The respondent never filed an action on behalf of the complainant. The respondent misled the complainant about the status of the complainant's case and did not properly communicate with the complainant. The respondent was dilatory in handling the complainant's case."

## The Disciplinary Panel's Final Report

The following pertinent findings and recommendations were made by the panel:

### "FINDINGS OF FACT

"Due to the fact the parties are all in agreement as to the facts alleged in the complaint and the respondent has stipulated that he violated the model rules of professional conduct by clear and convincing evidence, the panel, therefore, finds that the respondent has violated the model rules of professional conduct.

"The panel finds that respondent is an attorney at law practicing in Wichita, Kansas. The panel further finds that the facts of this complaint against the respondent are as set out in the formal complaint on file herein and that the panel accepts said facts as set out in the formal complaint as respondent's violations of the model rules of professional conduct.

"This complaint arose out of respondent being retained to represent the complainant in an oil and gas problem and the complainant requested that respondent investigate the matter and take whatever legal [action] was necessary to cancel an oil and gas lease.

"The respondent informed the complainant that a lawsuit had been filed concerning this lease and respondent further informed complainant that certain court dates had been set concerning this lawsuit. In fact, no lawsuit had been filed by respondent and the statements made concerning the same were untrue and respondent misinformed the complainant about the lawsuit and did not properly handle complainant's lawsuit.

"Therefore, the panel finds that by clear and convincing evidence respondent has violated the following rules of professional conduct:

"(a) MRPC 1.1 [1994 Kan. Ct. R. Annot. 292] [competence] - in that the respondent failed to represent a client with the regular knowledge, skill, thoroughness and preparation reasonably necessary for this legal representation.

"(b) MRPC 1.3 [1994 Kan. Ct. R. Annot. 297] [diligence] - in that the respondent failed to act with reasonable diligence and promptness in representing a client.

"(c) MRPC 1.4 [1994 Kan. Ct. R. Annot. 302] [communication] - in that the respondent failed to keep a client reasonably informed about the status of a matter and failed to properly comply with reasonable requests for information.

"(d) MRPC 8.4(c) [1994 Kan. Ct. R. Annot. 379] [misconduct] - in that the respondent engaged in conduct involving deceit and misrepresentation.

## "FINDINGS OF FACT OF AGGRAVATION OR MITIGATION

"The following facts were shown to the panel in aggravation or mitigation and were considered by the panel in its recommendation:

"1. The only fact in aggravation as shown to the panel was a prior disciplinary complaint against the respondent with Docket No. B5522 in which the complaint was to the effect that the estate of the complainant's father was still open three years after commencement of estate proceedings. The respondent was given an informal admonition on December 22, 1992.

"In mitigation it is shown to the panel the following:

"2. That there was complete absence of any dishonest or selfish motive in this particular incident on the part of the respondent.

"3. That the respondent had some personal and emotional problems which contributed to the violation of the [rules] of professional [conduct].

"4. That there has been no monetary damage to the complainant and in fact the respondent is paying the legal fees for the lawsuit that has been filed on behalf of complainant, which was the lawsuit that respondent failed to file which was the basis for this complaint.

"5. That respondent has a good reputation and good character in the community as shown by letters from his fellow attorneys.

"6. That the respondent shows proper remorse for the incident in question and has cooperated with the Disciplinary Administrator.

"7. That at the time of the violation respondent was having marital difficulties and was having trouble with his law practice to the effect that he had gotten into a depressive state and was having problems in handling certain matters.

"Respondent further testified that he has been and is now seeking help from Dr. R. Bruce Woods, Ph.D. a therapist practicing in Wichita, Kansas, and has received a great deal of help from Dr. Woods. Respondent has further testified that he is now presently practicing in an office arrangement with several other attorneys, including Harker E. Russell and Mel Gregory of Wichita, Kansas [and t]hat all of the other attorneys with whom the respondent's office arrangements are with are aware of the respondent's troubles with the disciplinary board.

"Respondent has further testified that he has made arrangements with Mel Gregory to supervise his legal files hereafter.

"The respondent further testified that he has made arrangements to make payment of all of the fees involved with the legal action for the complainant which was the basis for this complaint.

"Respondent further states that he is willing to repay the complainant the sum of $341, which is the cost of airfare for the complainant to appear at the first set hearing on this matter which was cancelled at the request of the respondent.

## "RECOMMENDATION

"1. That the respondent be suspended from the practice of law for a period of one year, and that the respondent be placed on probation during that period of time.

"2. That said term of suspension shall be suspended under the following terms and conditions:

"(A) That attorney Mel Gregory supervise respondent's legal practice and files for the period of probation and that Mr. Gregory shall submit a report every two months to the Disciplinary Administrator as to the respondent's legal practice and legal files.

"(B) It is further recommended that attorney Mel Gregory give an initial review of the legal files of respondent and give a report to the Disciplinary Administrator of the condition of these legal files.

"(C) That further respondent continue his treatment with Dr. Bruce Woods, therapist, Wichita, Kansas, and that Dr. Woods submit a report to the Disciplinary Administrator every three months as to the progress of the respondent.

"(D) That the respondent pay all of the attorney fees and any other costs that the complainant may have in the legal action which is now pending and which was the subject matter of this complaint. That further the respondent repay to the complainant the costs of the air fare that complainant incurred as a result of his purchasing an airline ticket to testify at the first scheduled hearing in this matter, which was postponed at the request of the respondent, said costs of airfare tickets being in the sum of $341.

"(E) That at the end of the probation period the Disciplinary Administrator shall certify to the Supreme Court the respondent's satisfactory or unsatisfactory completion of the probation period. That the respondent has submitted the above plan of penalties and supervision with the panel and that the Deputy Disciplinary Administrator for the Kansas Board for Discipline of Attorneys recommends that the panel accept the proposed plan.

"(F) That respondent pay the costs of these proceedings."

Pilgreen takes no exception to the findings and recommendations of the panel.

We find there is clear and convincing evidence establishing the violations found and enumerated by the panel.

We adopt the findings and recommendation of the panel as modified.

IT IS THEREFORE ORDERED that imposition of discipline against respondent Terry C. Pilgreen, be suspended and he is placed on probation for a period of 12 months in accordance with Supreme Court Rule 203(a)(5) (1994 Kan. Ct. R. Annot. 189), on the terms and conditions as hereinafter set out.

1. Attorney Mel Gregory will supervise respondent's probation and supervise his practice for a period of one year from the date of this order.

2. Mr. Gregory shall be acting as an officer of the court and as an agent of the court as supervisor of probation in monitoring the legal practice of respondent.

3. Mr. Gregory shall be afforded all immunities granted by Supreme Court Rule 223 (1994 Kan. Ct. R. Annot. 229) during the course of his activities as directed by this order. Respondent will allow Mr. Gregory access to his files, his employees, his trust account, and his doctors. Mr. Gregory shall act periodically at such intervals as he deems appropriate, as directed by the Disciplinary Administrator, and check the following: (a) the status of each case on respondent's case list; (b) respondent's docketing system; (c) respondent's management of discovery; (d) respondent's responses to clients' requests for information; (e) respondent's trust account; and (f) the views of the local judges as to their evaluation of respondent's performance. Mr. Gregory shall conduct an initial review of respondent's legal files and report to the Disciplinary Adminis-

trator on the condition of the files. He shall also submit a report to the Disciplinary Administrator every two months thereafter on the condition of respondent's files and legal practice. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

4. At the end of one year, the Disciplinary Administrator shall certify to the Supreme Court if the respondent's probation has been completed satisfactorily.

5. Respondent shall continue counseling as recommended by Dr. Bruce Woods, Wichita, Kansas, and shall furnish reports of that treatment to the Disciplinary Administrator's office at such times and intervals as established by the Disciplinary Administrator. Alternative professional therapists may be substituted for Dr. Woods upon approval of the Disciplinary Administrator.

6. Respondent shall pay all of the attorney fees and any other costs that the complainant may have in the legal action which is now pending and which was the subject matter of this complaint. Further, the respondent shall repay to the complainant $341, which is the cost of the air fare that complainant incurred as a result of his purchasing an airline ticket to testify at the first scheduled hearing in this matter, which was postponed at the request of the respondent.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to the respondent, and this court shall take whatever disciplinary actions it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent.